IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID R. BURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-353-JFH-DES |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Lisa J. McNair Palmer, counsel for Plaintiff ("Counsel"). (Docket No. 27). United States District Judge John F. Heil, III, has referred this motion to the undersigned Magistrate Judge for Findings and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned Magistrate Judge recommends that Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket No. 27) be GRANTED, and that $11,452.50 be awarded to Counsel pursuant to 42 U.S.C. § 406(b). The Commissioner has no objection to Counsel's motion. (Docket No. 30).

I.  **Background**

Plaintiff appealed the Commissioner's adverse decision denying his request for benefits. (Docket No. 2). The Court reversed the Commissioner's decision and remanded the case for further proceedings on March 25, 2022 (Docket Nos. 20, 21). As the prevailing party in such action, Plaintiff was awarded $5,200.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (Docket No. 24). On remand, the Commissioner found Plaintiff had been disabled since September 2017, and Plaintiff was awarded past-due benefits in the amount of

$74,610.00.  (Docket No. 27-1 at 2).  The Commissioner withheld a total of $7,200.00 from Plaintiff's past-due benefits to pay Plaintiff's representative at the administrative level.  *Id.*

Counsel requests a fee award of $11,452.50,[1] or 15.35% of the total past-due benefits pursuant to both 42 U.S.C. § 406(b) and the terms of the contingency fee contract between Plaintiff and Counsel.  Plaintiff retained Counsel to appeal the Commissioner's adverse decisions denying benefits.  As part of this engagement, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past-due benefits ultimately awarded to Plaintiff.  (Docket No. 27-3).  Such contracts are recognized as valid under prevailing case authority.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

As an initial matter, the undersigned Magistrate Judge finds that Counsel's fee motion was timely filed.  A request for fees pursuant to 42 U.S.C. § 406(b) must employ the relief provisions of Fed. R. Civ. P. 60(b)(6) to ensure timeliness.  *McGraw v. Barnhart,* 450 F. 3d 493, 505 (10th Cir. 2006).  Since Rule 60(b)(6) motions "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), a motion for attorney fees made pursuant to 42 U.S.C. § 406(b) must be filed "within a reasonable time of the Commissioner's decision awarding benefits."  *McGraw,* 450 F.3d at 505. In this District, "a reasonable time" means within thirty days of issuance of the notice of award unless there is good reason for a lengthier delay.  *See, e.g., Harbert v. Astrue,* No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n. 4 (E.D. Okla. Aug. 16, 2010) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of a[ward], lengthier delays will henceforth be closely scrutinized for reasonableness,

---

1 This amount represents twenty-five percent of Plaintiff's past-due benefits ($74,610.00) less the amount paid to Plaintiff's representative for work at the administrative level ($7,200.00).  (Docket No. 27 at 1).

including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel.") Here, the Commissioner issued the Notice of Award on August 1, 2023 (Docket No. 27-1 at 1), and Counsel filed her motion for § 406(b) fees 59 days later, on September 29, 2023. (Docket No. 27). In her motion, Counsel indicates she received the Notice of Award on August 4, 2023, and filed her motion for § 406(b) fees fifty-six days later. (Docket No. 27 at 2). In response to the undersigned Magistrate Judge's order requesting a supplement as to the delay in filing her motion, Counsel indicated that newly hired staff erroneously believed the deadline for filing a motion for §406(b) fees was sixty days after receipt of the Notice of Award but is now aware that such motions should be made within thirty days. (Docket No. 34 at 2). In light of Counsel's supplemental information and inasmuch as there is no timeliness objection filed by the Commissioner, the Court declines to find that the motion was not filed within a reasonable time under Fed. R. Civ. P. 60(b)(6). The undersigned Magistrate Judge thus concludes Counsel was diligent and timely in filing the request for § 406(b) fees.

Regarding the amount of fees requested, "Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims." *Wrenn ex rel. Wrenn v. Astrue,* 525 F.3d 931, 932 (10th Cir. 2008). The amount awarded to an attorney for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of the claimant's past-due benefits. *Id*. (citing 42 U.S.C. § 406(b)(1)(A)). Although § 406(b) does not displace contingency-fee arrangements for fees up to 25% of the past-due benefits, § 406(b) nonetheless calls for the Court to function as "an independent check" and review contingency-fee arrangements "to assure that they yield reasonable

results in particular cases." *Gisbrecht*, 535 U.S. at 807. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results achieved; (2) whether the attorney engaged in any dilatory conduct or provided substandard representation; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case that a "windfall" to the attorney would result. *Id*. at 808. The attorney has the burden of showing that the requested fee is reasonable, and the Court may require the attorney to submit a record of the hours spent representing the claimant and a statement of the attorney's normal hourly billing rate for non-contingency fee cases. *Id*. at 807-08.

      Counsel's requested fee does not exceed either the contractual agreement for 25% of Plaintiff's past-due benefits or the limits of § 406(b). Applying the *Gisbrecht* factors, the Court concludes that the requested fee is reasonable. Counsel secured a fully favorable result for Plaintiff in the form of a substantial past-due benefits award. Plaintiff's successes on appeal also enabled him to obtain $5,200.00 in attorney fees pursuant to the EAJA, which will essentially reduce any amount awarded from his past-due benefits. Moreover, there is no indication that Counsel caused any undue delay in these proceedings or represented Plaintiff in a substandard manner. Finally, the undersigned Magistrate Judge has reviewed the contemporaneous time and expense records and finds the time expended to be reasonable and necessary considering the results obtained. These records indicate Counsel spent 25.10 hours on this matter, which yields an hourly rate of approximately $456.27. The requested fee is not a "windfall" that should be reduced under *Gisbrecht*, especially considering the fee was contingent and lies within the range of Social Security contingency fee awards in this District. *See, e.g., Wilson v. Kijakazi,* No. CIV-20-202-SPS, 2023 WL 2813623, at *2 (E.D. Okla. Apr. 4, 2023) (unpublished) ($434.22 per hour);

*Upchurch v. Comm'r of the Social Security Admin.*, No. CIV-20-245-JFH-SPS, 2023 WL 2700744, at *2 (E.D. Okla. Mar. 13, 2023) (unpublished), *report and recommendation adopted by*, 2023 WL 2692379 (E.D. Okla. Mar. 29, 2023) ($645.00 per hour).

It is unclear whether the Commissioner has any past-due benefits remaining in her possession to aid in paying attorney fees awarded pursuant to § 406(b). Because the amount awarded herein pursuant to § 406(b) exceeds the previously awarded EAJA fees, Plaintiff is entitled to a full refund of the smaller EAJA fee award. *See Gisbrecht*, 535 U.S. at 796 (noting fee awards may be made under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .") (quotation omitted); *Wrenn*, 525 F.3d at 934 ("If both [EAJA and § 406(b) fees] are awarded, attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client, they cannot keep both."); *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986) ("To prevent double payment of fees for the same work under both [the EAJA and § 406(b)], however, congress directed that the smaller amount be given to the client."). Counsel will have to recover any difference between the $11,452.50 fee awarded herein and the amount remaining in the Commissioner's withholding account, if any, from Plaintiff himself, and not from his past-due benefits or previous EAJA fee award.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that the Motion for Attorney Fees under 42 U.S.C. § 406(b) (Docket No. 27) be GRANTED, Counsel be awarded $11,452.50 as a reasonable attorney fee pursuant to 42 U.S.C. § 406(b) for Counsel's representation of Plaintiff before this Court, and that the Commissioner be directed to pay to Counsel directly the balance, if any, of Plaintiff's past-due benefits in her possession up to said amount.

IT IS FURTHER RECOMMENDED that upon receipt of the balance of Plaintiff's past-due benefits in the Commissioner's possession, if any, Counsel be ordered to refund to Plaintiff the smaller amount between the EAJA fees previously awarded and the § 406(b) fees awarded herein.  *See Weakley,* 803 F.2d at 580.

Any objections to this Report and Recommendation must be filed within fourteen days from the date of the service.  *See* Fed. R. Civ. P. 72(b).  Failure to object to the Report and Recommendation within fourteen days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 25th day of October, 2023.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE